COPY

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

2014 SEP 24 PM 3: 15

RICHARD R. ROOKER, CLERK

| | |
|---|---|
| GREGORY L. HOUSTON, | ) |
| Plaintiff, | ) Case No: _____ |
| v. | ) |
| | ) JURY DEMAND |
| PEPSICO, INC. | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Gregory L. Houston (hereafter "Plaintiff" or "Houston"), by and through counsel, and respectfully submits this his Complaint against Defendant, Pepsico, Inc. (Hereafter "Defendant" or "Pepsico"); and in support thereof would allege as follows:

### I. PARTIES

1. Plaintiff, Gregory L. Houston, is a resident of Sumner County, Tennessee.

2. Defendant, Pepsico, is a for-profit Corporation formed in Delaware and registered to conduct business in the state of Tennessee. Pepsico's principal office is located at 700 Anderson Hill Road, Purchase, NY 10577-1401, and its primary business office in Tennessee is located at 7021 Westbelt Drive, Nashville, Tennessee 37209. Defendant can be served through its registered agent, C.T. Corporation System, 800 S. Gay St., Ste. 2021, Knoxville, TN 37929-9710.

3. Pepsico employs currently, and did employee at the time this action accrued, more than five hundred (500) employees.

EXHIBIT A

## II. JURISDICTION AND VENUE

4. All of the events complained of herein occurred within this jurisdiction and within one year from the date of the incident(s) which form the basis of this lawsuit. Therefore, this Honorable Court has jurisdiction and venue is proper pursuant to T.C.A. 29-20-308.

## III. FACTS

5. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

6. On or about the 17th day of March, 2012, Plaintiff was hired by Defendant to work as a driver at a pay rate of $13.60 per hour plus commissions.

7. While Plaintiff worked for Defendant he began to experience discrimination from his supervisors. Plaintiff is Caucasian and his supervisors, Tony Ricketts ("Ricketts"), John Robertson ("Robertson"), and Ronnie Eason ("Eason) are all African American.

8. This discrimination began in the fall of 2012. Plaintiff was riding with Route Drive, Chris Williams ("Williams"), who is African American, and Mr. Williams, in front of Plaintiff and while on duty, cut open cigars, removed the tobacco, filled the cigars with marijuana, and smoked the marijuana.

9. Plaintiff contacted a fellow employee, Wayne Bennett about the incident as well as reported this behavior to Rick Mitchell, a manager with Pepsico.

10. The following morning, Plaintiff was approached by Robertson and Eason and asked about the event. Upon informing the supervisors of what he had witnessed, Plaintiff was accused of smoking marijuana with Williams. Plaintiff volunteered for a drug test and was refused.

11. Williams was awarded the Driver Safety Award the following month.

12. Plaintiff reported this incident to the Tennessee Department of Labor in December of 2012 since no action was taken by Pepsico.

13. In April of 2013, the harassment Plaintiff was experiencing escalated and a coworker, L'Cretia Walker ("Walker"), was ordered to ride with him and watch him. In front of Plaintiff, Walker was questioned by Ricketts regarding what Plaintiff was doing on duty. Her response was "working like everyone else." Ricketts' response was "Oh, you gonna be like that?" Ricketts further advised that he would "find out what I [Ricketts] need to know."

14. In May of 2013, Plaintiff was called into a meeting with Robertson and Ricketts where they attempted to move him to a helper position instead of a commissioned driver. This would constitute a demotion and would result in loss of income and earnings. Plaintiff refused.

15. Subsequently, Plaintiff's routes and cases of product were reduced leading to a reduction in Plaintiff's income and earnings.

16. Plaintiff was then removed from his normal route at Middle Tennessee State University (MTSU) at which point he confronted Robertson about the reasoning behind this and was advised that Robertson and Eason didn't want to him the commission he would be due from that route. This route was given to an African American employee during this time frame.

17. On September 6, 2013, Plaintiff was in Murfreesboro, TN at St. Andrew Market and unloaded his cases but did not stock it. He was advised by both the market employee,

Robertson (via telephone) and Ken Harvel (presales with Pepsico) that this was acceptable.

18. On September 19, 2013, Plaintiff was called into a meeting with Ricketts, Robertson, and Carlene Kozio ("Kozio"). Kozio is the HR director for Pepsico in Nashville.

19. At this meeting, Kozio asked about the incident at the market. Plaintiff explained what happened as is listed in paragraph 17 of this complaint.

20. Robertson advised Kozio that he had no memory of the phone call and Plaintiff had to produce the phone call log to Kozio in order to prove that Robertson had now moved from discrimination to bold lying.

21. Kozio, rather than assist Plaintiff in resolution of this matter, suspended him. At which point Ricketts and Robertson smiled at one another and shook their heads. This behavior was so egregious that Kozio was forced to remove them from the room and scold them loudly in the hallway. This did not change her determination that Plaintiff was to be suspended, despite the obvious discriminatory and retaliatory motivations of Ricketts and Robertson.

22. Plaintiff then requested to be allowed to file a grievance against Ricketts and Robertson for racial discrimination and retaliation. Kozio refused to help and advised he should contact his attorney if he wished to do so.

23. Plaintiff was terminated on the 24th of September, 2013 at which time he was making a wage of $15.00 per hour plus sales commissions.

**IV. COUNT 1: Violations of Tennessee Whistleblower Law, T.C.A. 50-1-304**
**V.**

24. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

25. Plaintiff was terminated in violation of the Tennessee Whistleblower Statute in retaliation for reporting illegal activity to both his supervisor and to the Tennessee Department of Labor.

### VI. COUNT 2: Violations of the Tennessee Human Rights Act, T.C.A. 4-21-101 *et seq.*

26. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

27. Plaintiff was harassed, discriminated against and ultimately terminated by Defendant in violation of the Tennessee Human Rights Act, T.C.A. 4-21-101 *et seq.* due his race.

### VII. DAMAGES

28. Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

29. As a direct and proximate result of the acts and omissions of the Defendant laid out herein above, Plaintiff has suffered injuries and damages. The injuries for which Plaintiff seeks compensation from Defendant are as follows:

    a. Loss of income including front-pay and back-pay;

    b. Loss of benefits including health insurance;

    c. Physical and emotional pain and suffering;

    d. Loss of enjoyment of life;

    e. Anxiety and depression stemming from the false allegations, harassment, and retaliation inflicted upon Plaintiff by his supervisor;

    f. Medical bills and expenses;

    g. Incidental damages stemming from her termination including attorney's fees and discretionary costs; and,

    h. All other relief, both specific and general, to which he may be entitled by law.

## PRAYER FOR RELIEF

Wherefore, Premises Considered, Plaintiff prays of this Honorable Court as Follows:

1. That this Complaint be filed with this Court;

2. That proper process issue and be served upon Defendant;

3. That Defendant be required to answer this Complaint within the time prescribed by law in the Tennessee Rules of Civil Procedure (30 days);

4. That a Jury be empaneled and Plaintiff be granted a jury trial in this cause;

5. That Plaintiff be granted all lost income and benefits to which he is entitled as requested herein above;

6. That Plaintiff be granted a judgment for compensatory damages requested herein not to exceed $300,000.00;

7. That Plaintiff be granted his reasonable attorney's fees and all discretionary costs in this action; and,

8. That Plaintiff be granted such other, further, or general relief to which she may be entitled.

Respectfully submitted,

**ALLMAN & ASSOCIATES**

Andy L. Allman, BPR # 17857
Jedidiah L. Cochran, BPR # 27158
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
Telephone: (615) 824-3761
Facsimile: (615) 264-2720
andy@andylallman.com
jedidiah@andylallman.com

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

FILED 2014 SEP 24 PM 3:15
RICHARD R. ROOKER

[X] First
[ ] Alias
[ ] Pluries

CIVIL ACTION DOCKET NO. _____

GREGORY L. HOUSTON

_____ Plaintiff

Vs.

PEPSICO, INC.

R/A C.T. Corporation System

800 S. Gay Street, Suite 2021

Knoxville, TN 37929-9710

_____ Defendant

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[X] Certified Mail
[ ] Personal Service
[ ] Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: _____

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Allman & Associates |
|---|---|
| | 103 Bluegrass Commons Blvd. |
| | Address |
| | Hendersonville, TN 37075 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

[ ] served this summons and complaint/petition on _____
_____ in the following manner:
_____

[ ] failed to serve this summons within 90 days after its issuance because _____
_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____D.C.